IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                          Case No. 13-10140-02-JTM

                                     No. 16-1273-JTM

MARISELA RAMIREZ,

    Defendants.

MEMORANDUM AND ORDER

    Following a plea agreement, defendant Marisela Ramirez pled guilty to Count 1 of the Superseding Indictment, charging conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The government dismissed Counts 2 and 3 of the Indictment. The court sentenced Ramirez to 120 months imprisonment, followed by five years of supervised release.

    Although she explicitly waived the right to challenge her sentence in the plea agreement, Ramirez has subsequently submitted several motions seeking to reduce or vacate that sentence. In her first motion, Ramirez argued that the court erred in failing to apply the two level reduction in her prospective sentence authorized by Amendment 782 to the United States Sentencing Guidelines. The court denied the motion, observing that Ramirez received the statutory minium sentence under 21 U.S.C. § 841(b)(1)(A). The reduction otherwise authorized by Amendment 782, therefore, "would not have affected

the defendant's sentence." (Dkt. 170).

Ramirez has now filed two additional motions. First, she argues that her sentence should be vacated in light of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), which held that the residual "crime of violence" clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. (Dkt. 171). Second, she argues that the court erred in failing to grant a downward departure under U.S.S.G. § 3B1.2 and Amendment 794. (Dkt. 176).

The court finds no basis for granting the relief sought. The defendant's sentence was not enhanced under the ACCA for a prior crime of violence. She pled guilty to a drug trafficking crime, and was not enhanced for any previous violent criminal activity. Indeed, the Pretrial Report indicated "a criminal history score of zero." (Dkt. 152, at 13). *Johnson* has no bearing on the sentence imposed. Similarly, as the court indicated in its earlier Order, the sentence imposed was the minimum permitted by statute. The Guidelines authorization for a sentence reduction departure based on a supposed minimal role in the offense would not have altered the defendant's actual sentence.

IT IS ACCORDINGLY ORDERED this 12th day of August, 2016, that the defendant's Motions to Vacate (Dkt. 171, 176) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE