IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Case No. 13-10140-02-JWB

MARISELA RAMIREZ,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for reduction of sentence. (Doc. 188.) The motion is fully briefed and is ripe for review. (Docs. 189, 190.) For the reasons stated herein, the motion is DISMISSED for lack of jurisdiction.

The title of Defendant's motion indicates she is seeking a reduction in sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c). (Doc. 188 at 1.) The statute cited allows a court to reduce a sentence after it has become final only in specified circumstances. One of those circumstances includes a finding of "extraordinary and compelling reasons," but the court may entertain such a request only upon a motion of the Director of the Bureau of Prisons ("BOP"), upon exhaustion of all administrative rights by a defendant challenging a failure of the BOP to bring such a motion, or after a lapse of thirty days following receipt of a reduction request by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). Furthermore, a court cannot grant such a reduction unless it is consistent with the Sentencing Commission's policy statements. *Id.* Defendant's motion does not allege any of the foregoing circumstances that would allow this court to consider her request. The court accordingly lacks

jurisdiction to reduce Defendant's sentence on this basis. *See United States v. Childs,* No. 10043-01-JWB, 2019 WL 6771781, *2 (D. Kan. Dec. 12, 2018).

Defendant's motion also refers to 18 U.S.C. § 3632(d)(4)(E). (Doc. 188 at 1-2.) That provision is part of a statute that allows prisoners to complete certain programs to earn "time credits" and to apply those credits toward prerelease custody or supervised release. *Id.* § 3632. But the statute makes a prisoner "who is the subject of a final order of removal" under immigration laws ineligible to apply the time credits. 18 U.S.C. § 3632(d)(4)(E)(i). Additionally, the Attorney General and Secretary of Homeland Security are directed to ensure that inadmissible and deportable aliens who seek to earn time credits are subject to expedited removal proceedings (under 8 U.S.C. § 1228(a)) at a date as early as practicable. *Id.* Defendant's motion concedes she "is not a citizen and [is] considered deportable," such that she "does not qualify for the credits that will allow her earlier release to home confinement or the halfway house." (Doc. 188 at 1.) Nevertheless, she asks "that this court along with the Attorney General considers a reduction by way of the earned time credits." (*Id.* at 2.)

It is not entirely clear whether Defendant concedes being "the subject of a final order of removal" such that she is ineligible to apply time credits under subsection (i) of § 3632(d)(4)(E), or whether she simply concedes being a deportable alien, such that she may be subject to expedited removal proceedings under subsection (ii) of the same provision. In either event, the court cannot grant the reduction in sentence she requests in her motion. Defendant's motion in effect challenges the BOP's computation of § 3632 time credits on her sentence. To the extent it does so, it is properly characterized as a petition for habeas corpus under 28 U.S.C. § 2241 and can only be brought in the district where Defendant is confined. *See Smith v. Furlong,* 55 F. App'x 894, 894-95 (10th Cir. 2003) ("because [defendant] is challenging the implementation of his sentence, rather

than the validity of the underlying conviction, his petition is properly characterized as a 28 U.S.C. § 2241 petition."); *Warren v. United States,* 707 F. App'x 509, 511 (10th Cir. 2017) (§ 2241 application must be brought in district where the prisoner is confined). Defendant's filings state that she is confined in Alabama. (Doc. 190-1.) Additionally, Defendant must exhaust available administrative remedies with the BOP before filing any such petition. *See Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief….") *See also Wright v. United States,* 2019 WL 2341663, at *3 (E.D. Tenn. 2019) ("If Petitioner believes she will be entitled to credits for completion of recidivism-reduction programs after this provision of the Act [§ 3632] takes effect, she must first exhaust her administrative remedies before seeking habeas relief pursuant to 28 U.S.C. § 2241 in the district where she is incarcerated or in a regional BOP office.") In sum, the court is without jurisdiction to grant the relief requested by Defendant.

IT IS THEREFORE ORDERED this 17th day of January, 2020, that Defendant's motion to reduce sentence (Doc. 188) is DISMISSED FOR LACK OF JURISDICTION.

                                                        s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE