IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 13-10140-02-JWB

MARISELA RAMIREZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's "motion for hardship credit." (Doc. 204.) Plaintiff has filed a response. (Doc. 205.) No reply has been filed, and the time for doing so has expired, making the motion ripe for decision. For the reasons stated herein, the motion is DIMISSED without prejudice for lack of jurisdiction.

**I. Background**

Defendant previously pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(a)(1). (Doc. 137.) She was sentenced to a term of imprisonment of 120 months by the Hon. J. Thomas Marten. Judgment was entered on January 11, 2016. (Doc. 159.)

Defendant's current motion alleges she is in custody at FCI Aliceville, in Aliceville, Alabama, and that she has been on "lock-down" status for an estimated 365 days due to the COVID-19 pandemic. (Doc. 204 at 3.) She alleges that she receives limited recreational opportunities, substandard meals and water, extended periods locked in a cell, inadequate hygiene opportunities, and a lack of medical care, all allegedly in violation of her Fifth, Eighth, and

Fourteenth Amendment rights.  (*Id.* at 4-5.)  The motion asks the court to "grant the defendant two days credit for [each] one served" in these conditions.  (*Id.* at 7.)

**II.  Analysis**

The court has no jurisdiction to grant the relief requested by Defendant or even to address the merits of her complaint.  The motion seeks a shortened period of confinement, which means it is properly characterized as a motion for a writ of habeas corpus under 28 U.S.C. § 2241.  *Jones v. Eng.*, 817 F. App'x 580, 583 (10th Cir. 2020) ("A proper § 2241 petition challenges 'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.'" (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotations omitted)).  But "[j]urisdiction over § 2241 petitions 'lies in only one district: the district of confinement.'"  *Spurlin v. Dir. of the N. Cent. Region for the Fed. Bureau of Prisons*, No. 21-3103-JWL, 2021 WL 1597945, at *1 (D. Kan. Apr. 23, 2021) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  Defendant is confined in Alabama; this court accordingly has no jurisdiction to address a § 2241 petition from her.

Alternatively, the motion might be construed as challenging only the conditions of Defendant's confinement, rather than the duration of her sentence.  If so, it cannot be asserted in this action.  It can only be asserted as a civil rights lawsuit against those responsible for the conditions, and in a district with jurisdiction over such persons.  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 … (1971)—not through federal habeas proceedings.").  In either event, this court lacks jurisdiction to address the merits of the motion.

3

**III. Conclusion**

Defendant's "motion for hardship credit" (Doc. 204) is DISMISSED without prejudice for lack of jurisdiction. IT IS SO ORDERED this 3rd day of May, 2021.

                                                                                                        s/ John W. Broomes
                                                                                                        JOHN W. BROOMES
                                                                                                        UNITED STATES DISTRICT JUDGE